UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILES PASCHINI,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WAVECREST PAYMENT SERVICES OF THE AMERICAS, INC.,<br><br>　　　　　　Defendant. | Case No.: 3:19-cv-00033-L-NLS<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**(ECF No. 50)** |

　　　Pending before the Court in this executive compensation action is Defendant's motion for partial summary judgment. Plaintiff filed an opposition, and Defendant replied. For the reasons stated below, Defendant's motion is denied without prejudice.

　　　At the relevant time Defendant was a "provider of digital payment solutions," including cryptocurrency debit cards. (Joint Statement of Undisputed Facts, ECF No. 54-4 ("Joint Statement") at 2.) Some of Defendant's cryptocurrency debit cards were issued under Visa and MasterCard licenses. Visa-branded cards accounted for the majority of Defendant's revenue. According to Defendant, on January 4, 2018, Visa terminated its license, which significantly reduced Defendant's income, resulting in layoffs of the majority of its staff.

Plaintiff was employed by Defendant on July 1, 2015, as its Chief Revenue Officer.  Pursuant to his employment agreement and two subsequent amendments, Plaintiff earned a salary as well as commissions and bonuses.  (Joint Statement at 2.)

Defendant terminated Plaintiff on January 12, 2018, without cause and before paying him all the commissions and bonuses earned in 2017, which Plaintiff claims totaled more than $220,000.  According to Plaintiff, on the date of his termination, he was presented with a settlement agreement conditioning receipt of his earned commission and "separation payment" on a waiver of all claims against Defendant, including additional sums Plaintiff claims are owing him.  Plaintiff declined to sign.  On February 20, 2018, Defendant unilaterally reduced the calculation of the fourth quarter gross profit, consequently eliminating Plaintiff's earned commission and bonus for that period.  In the same email, Defendant claimed Plaintiff owed more than $3,000 for prior overpayment of commissions and/or bonuses.

Based on the foregoing, Plaintiff filed an action alleging breach of contract, conversion, bad faith breach of the compensation terms of his contract, theft in violation of California Penal Code § 484, wrongful termination in violation of public policy (termination to avoid payment of earned compensation), nonpayment of wages upon termination in violation of his employment contract and various provisions of California Labor Code, and unfair competition in violation of California Business & Professions Code § 17200 *et seq*.  Plaintiff seeks damages, including punitive damages, as well as other relief.  The Court has diversity jurisdiction over the claims pursuant to 28 U.S.C. 1332.

Pending before the Court is Defendant's motion for partial summary judgment.  Defendant contends it is entitled to summary adjudication of the claim alleging wrongful termination in violation of public policy and related claim for punitive damages, as well as claims for conversion and theft of unpaid wages.  Plaintiff opposes these arguments on substantive and procedural grounds.  Specifically, Plaintiff is requesting the motion be

denied or continued because he has not received discovery responses, he needs to fully oppose Defendant's motion.

Federal Rule of Civil Procedure 56 empowers the Court to enter summary judgment on factually unsupported claims or defenses. Summary judgment or adjudication of issues is appropriate if depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c)(1).

The burden on the party moving for summary judgment depends on whether it bears the burden of proof at trial. If, as here, the moving party is requesting summary adjudication of the opposing party's claims, it can meet its burden on summary judgment either by producing affirmative evidence negating an essential element of the opposing party's case or showing that the opposing party does not have evidence necessary to support its case. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1105-06 (9th Cir. 2000).

If the moving party meets this burden, the opposing party must produce evidence to support its claim or defense. *Nissan Fire & Marine Ins.,* 210 F.3d at 1103. In this regard, the opposing party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Alternatively, if the opposing party shows by declaration "that, for specified reasons, it cannot present facts essential to justify its opposition, the court may [¶] defer considering the motion or deny it." Fed. R. Civ. Proc. 56(d). Plaintiff claims he cannot fully oppose Defendant's motion because Defendant has not responded to discovery requests and has not produced key witnesses for deposition.

The thrust of Defendant's motion is that Plaintiff was not terminated to deprive him of his earned compensation but as a part of company-wide restructuring. This theory

is largely supported by the declaration of John Racine, Defendant's Chief Operating Officer.  (ECF No. 50-3.)  Plaintiff's opposition largely rests on the theory that he was singled out for termination before the company-wide layoffs commenced.  With this contention he supports the wrongful termination claims, as well as the theft and conversion claims, all of which are being challenged in Defendant's motion.

Plaintiff supports this contention with a photograph of Mr. Racine's hand-written journal entry in January 2018 which he claims shows he was individually selected for termination at that time.  (Decl. of Miles Paschini, ECF No. 51-1, at 6-7 & Ex. G, ECF No. 51-4, at 55-56.)  He contrasts this document with Mr. Racine's email to shareholders, dated April 6, 2018, which states that Defendant had

> *just undertaken* a financial restructuring that will ultimately eliminate 80% of our overhead, consolidating most operations into a core team in Gibraltar and seeing the phase-down of our operations in the U.S. and India.

(*Id.* Ex. F, ECF No. 51-4, at 52-54 (emphasis added).)

Defendant objects to Plaintiff's reliance on Mr. Racine's journal entry arguing it is unauthenticated and lacks foundation.  (Def.'s Objection, ECF No. 54-3, at 2-3.)  Defendant objects to Plaintiff's reliance on Mr. Racine's email arguing it is hearsay without an exception.  (*Id.* at 4.)  These exhibits are central to Plaintiff's theory that he was not terminated as a part of company-wide restructuring but was singled out to avoid paying him his earned commission and bonus.  Plaintiff cannot address Defendant's objections without deposing Mr. Racine, and Defendant had not produced him for deposition as of the filing of Plaintiff's opposition brief.  (*See* Decl. of Chandra Kiamilev, ECF No. 51-2 ("Kiamilev Decl."), at 3.)

According to Plaintiff's counsel's declaration, Defendant had neither produced key documentary evidence requested in discovery, including documents relating to Defendant's unilateral reduction of its fourth quarter gross profit amount which resulted in the elimination of the compensation Plaintiff claims is owing, and has evaded

producing its person most knowledgeable and Mr. Racine for deposition.  (Kiamilev Decl. at 2-3.)

Defense counsel's declaration shows that some delay in the discovery production may have been due to the withdrawal of Defendant's prior counsel and that the new counsel engaged in extensive meet-and-confer efforts regarding overdue document productions and Mr. Racine's deposition.  (Decl. of Thomas Ingrassia, ECF No. 54-1 ("Ingrassia Decl.") & Ex. 4, ECF No. 54-2.)  He does not dispute, however, that he filed the pending motion only 17 days after an incomplete document production and without Mr. Racine's deposition.  The Court finds unpersuasive the suggestion that Plaintiff's counsel should have arranged for Mr. Racine's deposition before production of relevant documents.  (*See* Ingrassia Decl. at 2.)

Based on the foregoing, the Court finds that Plaintiff meets Rule 56(d) requirements.  Defendant's summary judgment motion is denied without prejudice.

**IT IS SO ORDERED.**

Dated:  November 2, 2020

_____
Hon. M. James Lorenz
United States District Judge